### A. OVERTON v. STATE.

No. A-2029.   Opinion Filed June 6, 1914.

(140 Pac. 1135.)

1.  **APPEAL—Verdict—Evidence.**  When the facts disclosed by the record, under any reasonable construction thereof, support a verdict of guilty, this court will not reverse a conviction, in the absence of errors of law.

2.  **INTOXICATING LIQUORS—Unlawful Possession—Evidence—Admissibility—Sufficiency.**  (a) On a trial of a person charged with having unlawful possession of intoxicating liquor with intent to sell the same, the quantity and kind of liquor, the size and number of packages, the occasion upon and circumstances under which it is found, the conduct and demeanor of the accused at the time and prior to the discovery, and any and all other circumstances reasonably calculated to throw light on the purpose and intent with which the liquor was possessed, are admissible in evidence, and are all entitled to consideration by the jury in arriving at a verdict.

(b)  For facts sufficient to sustain a conviction, see opinion.

(Syllabus by the Court.)

*Appeal from County Court, Tillman County;*
*W. C. Lukenbill, Judge.*

A. Overton was convicted of having unlawful possession of intoxicating liquor with intent to sell the same, and appeals.  Affirmed.

*Mounts & Davis* and *Gray & McVay,* for plaintiff in error.

*E. G. Spilman,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.   Plaintiff in error, A. Overton, was tried and convicted at the January, 1913, term of the county court of Tillman county on a charge of having unlawful possession of

intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of $125 and imprisonment in the county jail for a period of 60 days.

The evidence on behalf of the state tends to establish the following facts: That on the date alleged by the information the plaintiff in error went to a public gathering at Panther Springs, in Tillman county; that he carried thirteen bottles of intoxicating liquors; that he was discovered by a deputy sheriff in the act of taking one of the bottles from a buggy, whereupon he dropped the bottle and ran; that he was overtaken by the sheriff and arrested. When the officer came up he said: "You just beat me to it." When the officer went back to the buggy he found the other twelve pints of whisky. In addition to the whisky, nine quarts of beer were found in possession of the accused. After the arrest the accused inquired of the officer how many cases would be filed against him, and he was informed that there would be three. He admitted being the owner of the whisky, and indicated a willingness to plead guilty to one charge if the others were left off.

Defendant testified in his own behalf that he owned the fourteen pints of whisky; that the carried them to the picnic; that he drank some of the whisky at the picnic; that he was fixing to take a drink when the officer discovered him; that he dropped the whisky and ran into a cornfield; that he did not intend to sell it.

The whisky was apparently carried to the picnic grounds about 7 o'clock in the morning. The evidence nowhere indicates that any sale had been made or attempted. Upon this state of facts conviction resulted in the trial court, and counsel here argue that the verdict is not supported by the evidence, and is contrary to law. This proposition was raised in the trial court and preserved by exceptions for review here. Counsel for accused endeavor to invoke the doctrine announced by this court to the effect that mere possession of a limited amount of liquor, standing alone, without any other circumstances, is not sufficient to justify a conviction under the statute which penalizes possession of liquor with an unlawful intent to sell the same.

We have examined this record carefully,. and are of opinion that there are many circumstances in addition to possession which indicate the intention required by the statute. In the first place, this whisky was purchased at Wichita Falls the day before the picnic. On the morning of the picnic at an early hour it was conveyed to the picnic ground, and kept under cover until discovered by the officers, and, when discovered, the accused immediately took flight. It calls to our minds a much quoted passage, to wit:

"The wicked flee when no man pursueth, but the righteous are as bold as a lion."

No law-abiding citizen has any inclination to attend a public gathering in possession of fourteen pints of whisky. It is a matter of common knowledge that bootleggers are usually on hand plying their trade around public gatherings, much to the annoyance of all good people, and many times endangering life. If the accused had any lawful use for fourteen pints of whisky he certainly did not have any such lawful use for it on the 1st day of August at a Tillman county picnic. The jury is the final arbiter of the facts, and while ordinarily the possession of a small quantity of liquor, standing alone, is insufficient to justify conviction, yet we are not prepared to say that fourteen pints of whisky is a small quantity within the purview of the law. No sick man can use that amount in one day, and no well man has a right to attend such a gathering with the purpose of endeavoring to use it. All the facts and circumstances surrounding the acquiring of this whisky, the place to which it was taken, the size of the packages, the number of packages, the total quantity of the liquor possessed, the acts of accused in connection with the whole transaction, are to be considered by the jury, and the fact that a person was found in possession of the quantity this accused admits having, and the size and number of the packages he had at a public picnic, in our judgment, amply warranted the jury in convicting him of having unlawful possession with intent to sell, as contemplated by law.

This court would not hesitate to reverse a conviction if all the facts and circumstances indicated that the accused was a good

citizen and innocent of any wrongdoing, or any violation of the law, or any intent to violate the law, but it is our judgment that this conviction is entirely proper. The doctrine laid down by this court to the effect that possession, standing alone, was insufficient to support conviction is not to be extended for the purpose of aiding the violation of the law in any particular. That doctrine is only justified under the law as it exists in this state for the purpose of protecting good citizens thereof in possession of small quantities of liquor for medicinal and other legitimate use, and is not now, and will not be, extended to aid or protect the violator of the law.

We are of opinion that the judgment of the trial court should be affirmed, and it is so ordered.

DOYLE and FURMAN, JJ., concur.